**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THOMAS D. BRALEY,** | CV F 05-0059 AWI WMW HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | |
| **L. CROWNES, WARDEN, et al.,** | ORDER GRANTING MOTION TO DISMISS |
| Respondent. | |
| | [Documents #11 & #15] |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. Petitioner claims that he is entitled to be released because he has served his two year prison term and is entitled to prison credits.

On July 15, 2005, the Magistrate Judge filed findings and recommendations that recommended Respondent's motion to dismiss be granted and the petition be dismissed for Petitioner's failure to exhaust state judicial remedies. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.

Petitioner filed objections on August 22, 2005.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. In his

objections, Petitioner provides over 100 pages of exhibits in support of Petitioner's claim. Petitioner complains that the Magistrate Judge erred by ordering some these documents returned to Petitioner earlier in this action. In addition, Petitioner discusses various difficulties he has had obtaining records supporting his claim. Finally, Petitioner provides copies of numerous appeals filed within the prison system concerning Petitioner's good time credits and release date. As explained by the Magistrate Judge, a petition for writ of habeas corpus cannot be granted unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A petitioner can satisfy this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996); James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). The court has reviewed Petitioner's voluminous objections. Nowhere does Petitioner provide evidence that he has presented his claim to the California Supreme Court. Petitioner does not refute Respondent's evidence that the petition's claim was never presented to the California Supreme Court. Accordingly, the petition's claim is unexhausted, and the petition must be dismissed.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on July 15, 2005, are ADOPTED IN FULL;
2. Respondent's motion to dismiss is GRANTED;
3. This petition is dismissed without prejudice for failure to exhaust state remedies;
4. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   September 20, 2005**            **/s/ Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE

2